IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL WILKES,<br>      Plaintiff<br><br>      v.<br><br>CRAWFORD COUNTY JAIL<br>      Defendant | )<br>)<br>) No. 1:19-cv-00065<br>)<br>)<br>)<br>) Richard A. Lanzillo<br>) United States Magistrate Judge<br>)<br>) Memorandum Opinion and Order<br>) ECF No. 27 |

Plaintiff Daniel Wilkes initiated this action on March 11, 2019, by filing a Motion for Leave to Proceed *in forma pauperis*. ECF No. 1. On March 18, 2019, the Court issued an order dismissing this motion without prejudice because of Wilkes' failure to file a certified copy of his prison trust fund account statement (or institutional equivalent) for the six-month period preceding the filing of his complaint as required by 28 U.S.C. § 1915(a)(2). ECF No. 2. Wilkes filed a new Motion for Leave to Proceed *in forma pauperis* on September 4, 2019 [ECF No. 7] which this Court granted on September 10, 2019 [ECF No. 8], docketing his Complaint the same day. ECF No. 9. Later, on March 6, 2020, the Court advised Wilkes that the only Defendant identified in his Complaint, Crawford County Prison, is not amenable to suit in an action under 28 U.S.C. § 1983 and instructed him to file an amended complaint. ECF No. 17. Wilkes attempted to comply on April 7, 2020, filing a one-page narrative that alleges harm to him by various unnamed people. ECF No. 20. Wilkes concurrently submitted USM-285 forms identifying five individuals: Deputy Warden Ben Fair, Sgt. Minnon, C.O. Capote, Lt. Colman, C.O. Mitch. ECF Nos. 20, 24. However, he does not identify those individuals in this "amended pleading" nor ascribe any conduct to them by name. As such, his "amended pleading" does not comply with either Rule 8 of the Federal Rules of Civil Procedure or this Court's prior directive.

Looking to Wilkes' original Complaint, he named one defendant—Crawford County Jail—while including averments that various unnamed individuals were involved in the injuries he says he experienced. ECF No. 9. Although some of individuals are the same as those identified in the USM-285 forms that Wilkes filed, Wilkes' allegations are entirely conclusory and fail to state a claim, even when considered in conjunction with the subsequent "amended pleading." General statements that "they did this" or descriptions of the conduct of unnamed people do not properly state a claim. *See* ECF No. 20.

Because Wilkes' proposed amended complaint does not comply with the Federal Rules of Civil Procedure, the Court again instructs the Plaintiff to file an amended complaint within thirty (30) days of this Order. Wilkes is reminded that his amended pleading must satisfy Rule 8 of the Federal Rules of Civil Procedure which provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To state a claim, a plaintiff must describe in one complete document what happened to him, must identify by name the individuals or municipal entities or institutions that were responsible for those actions, and ***must describe the specific actions that each took, or failed to take***, to cause his injury, loss or damages. If Wilkes does not know the full name of a particular defendant, he may identify him or her by position along with as much of the person's name as known to Wilkes or as "John Doe" or "Jane Doe" so long as Wilkes describes his or her position and conduct with sufficient detail that the defendant can be identified through discovery. This amended complaint should be without reference to his original complaint or his previous amended complaint; the new amended complaint must stand on its own. Wilkes must also submit a USM-285 form for each named defendant so that they may be served; Wilkes does *not* need to resubmit this form for those defendants who he has already named on a previous USM-285 form.

Failure to file an amended complaint within thirty (30) days may result in the Court's dismissal of this action.

ORDER

Upon review, and for the reasons stated in the accompanying Memorandum Opinion, Plaintiff is instructed to file a second amended complaint within thirty (30) days of this Order. Should Plaintiff fail to comply, the Court may screen his prior amended complaint pursuant to 28 U.S.C. § 1915(e)(2) and/or recommend dismissal for failure to prosecute.

Entered and Ordered this 8th day of October, 2020.

_____
RICHARD A. LANZILLO
United States Magistrate Judge